Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001029
04-FEB-2015
12:04 PM

NO. CAAP-14-0001029

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ONE WEST BANK, FSB, Plaintiff-Appellee,
v.
WARREN ROBERT WEGESEND, SR. and THELLDINE LINMOE WEGESEND,
Defendants-Appellants,
and
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver
for Washington MUTUAL BANK and MILILANI TOWN ASSOCIATION,
Defendants-Appellees,
and
JOHN DOES 1-50, JANE DOES 1-50,
DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50,
DOE ENTITIES 1-50, and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0909-03)

ORDER
(1) DISMISSING APPEAL FOR LACK OF JURISDICTION,
AND
(2) SANCTIONING ORDER TO ROBERT L. STONE, ESQ.
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) this court's January 16, 2015 order requiring Defendants-Appellant Warren Robert Wegesend Sr., and Thelldine Linmoe Wegesend (the Wegesend Appellants) to show cause why this appeal should not be dismissed for lack of appellate jurisdiction and why attorney Robert Lee Stone should not be sanctioned, (2) the failure of the Wegesend Appellants and attorney Robert Lee Stone to comply with and respond to the January 16, 2015 order, and (3) the record, it appears that we lack appellate jurisdiction over the Wegesend Appellants' appeal from the Honorable Bert I. Ayabe's September 11, 2014 judgment on

a September 11, 2014 order granting a decree of foreclosure, because the record on appeal, filed on September 24, 2014, does not contain the September 11, 2014 judgment on the decree of foreclosure and the antecedent September 11, 2014 order. The Hawai'i Intermediate Court of Appeals (ICA) cannot review a judgment and order that are not in the record on appeal.

Under Rule 11(a) of the Hawai'i Rules of Appellate Procedure (HRAP), the Wegesend Appellants had a duty to ensure that the record on appeal is sufficient to review the points of error asserted:

> (a) <u>Duty of Appellant</u>. After the filing of the notice of appeal, the appellant, or in the event more than one appeal is taken, <u>each appellant, shall comply with the applicable provisions of Rule 10 and shall take any other action necessary</u> to enable the clerk of the court to assemble and transmit the record. <u>It is the responsibility of each appellant</u> to provide a record, as defined in Rule 10 and the Hawaii Court Records Rules, that is <u>sufficient to review the points asserted</u> and to pursue appropriate proceedings in the court or agency from which the appeal is taken to correct any omission.

HRAP Rule 11(a) (emphases added). It appears that the Wegesend Appellants' attorney, Robert Lee Stone, has failed to ensure that the record on appeal is sufficient to review the points of error asserted, despite that HRAP Rule 10(e)(2) clearly provides the means for doing so:

> (e) Correction or modification of the record.
> . . . .
> (2)    If anything material to any party is omitted from the record by error or accident or is misstated therein, corrections or modifications may be as follows:
> (A)    by stipulation of the parties; or
> (B)    by the court or agency appealed from, either before or after the record is transmitted; or
> (C)    by direction of the appellate court before which the case is pending, on proper suggestion or its own initiative.

The failure of the Wegesend Appellants' attorney to uphold the Wegesend Appellants' duty under HRAP Rule 11(a) to ensure that the record on appeal has all relevant documents has made appellate review of this case impossible. Furthermore, the Wegesend Appellants' attorney has failed to file a Civil Appeals Docketing Statement, as HRAP Rule 3.1 requires. The requirement to file a Civil Appeals Docketing Statement is not optional. "Failure to file a CADS may result in <u>sanctions</u>, including

<u>dismissal of the appeal</u>."  HRAP Rule 3.1(f)  (emphases added).

HRAP Rule 51 authorizes the ICA to sanction attorneys for violating any of the Hawai'i Rules of Appellate Procedure or any order of this court:

> <u>Any attorney of record</u> or party in a case, <u>who fails to comply with any of the provisions of the Hawai'i Rules of Appellate Procedure</u>, the Hawai'i Electronic Filing and Service Rules, <u>or any order of the court shall be subject to monetary or other sanctions</u> by the appellate court before which such case is pending, such sanctions to be levied by order of the appellate court or <u>by order of any judge</u> or justice thereof.

HRAP Rule 51 (emphases added).

In the January 16, 2015 order, this court gave the Wegesend Appellants and attorney Robert Lee Stone an opportunity to supplement the record on appeal with the September 11, 2014 judgment on the decree of foreclosure and the antecedent September 11, 2014 order so that this appeal could proceed for a review of the merits by a merit panel of appellate judges.  The Wegesend Appellants and attorney Robert Lee Stone have failed to file any response to this court's instructions to do the following within ten days:

- move the circuit court in Civil No. 13-1-0909-03, pursuant to HRAP Rule 10(e)(2)(B), to supplement the record on appeal with the circuit court's September 11, 2014 judgment and September 11, 2014 order;

- show cause why the Hawai'i Intermediate Court of Appeals should not dismiss this case for lack of appellate jurisdiction under the holding <u>Jenkins</u>, 76 Hawai'i at 120, 869 P.2d at 1339;

- show cause why the Hawai'i Intermediate Court of Appeals should not dismiss this case for failure to file a Civil Appeals Docketing Statement pursuant to HRAP Rule 3.1(f); and

- file a separate declaration by attorney Robert Lee Stone in accordance with HRAP Rule 52 in which he shows cause why the Hawai'i Intermediate Court of Appeals should not sanction him pursuant to HRAP Rule 51 and HRAP Rule 3.1(f).

The January 16, 2015 order specifically warned that failure to comply with that order may result in sanctions, including the dismissal of this appeal. The Wegesend Appellants and attorney Robert Lee Stone failed to comply with the January 16, 2015 order.

Therefore, in light of the Wegesend Appellants' and attorney Robert Lee Stone's violation of the January 16, 2015 order, HRAP Rule 3.1, HRAP Rule 11(a), and in the absence of an appealable final judgment in the record on appeal,

IT IS HEREBY ORDERED, that appellate court case number CAAP-14-0001029 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that attorney Robert Lee Stone (attorney number 9920) is sanctioned in the amount of $50.00. Attorney Robert Lee Stone shall write a check in the amount of $50.00 to the Hawai'i State Director of Finance, and he shall submit his check with an attached copy of this order to the appellate court clerk within ten (10) days after the date of this order. In addition, attorney Robert Lee Stone shall file a declaration (see HRAP Rule 52) attesting to said payment with the ICA in appellate court case number CAAP-14-0001029 within ten (10) days after the date of this order.

IT IS FURTHER HEREBY ORDERED that the appellate court clerk shall send a copy of this order to acting Chief Disciplinary Counsel of the Office of Disciplinary Counsel Charlene Norris for the purpose of reviewing whether attorney Robert Lee Stone's (attorney number 9920) omissions with respect to his clients, violations of the Hawai'i Rules of Appellate Procedure, and violation of this court's January 16, 2015 order constitute violations of any of the Hawai'i Rules of Professional Conduct that warrant attorney discipline.

-4-

Failure to comply with this order may result in additional sanctions.

DATED: Honolulu, Hawai'i, February 4, 2015.

Presiding Judge

Associate Judge

Associate Judge